IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00155-FL

**Samantha Elabanjo**,

        Plaintiff,

v.

**B.W. Griffith** & **Lawrence Capps**,

        Defendants.

**Order &
Memorandum & Recommendation**

    Samantha Elabanjo, representing herself, wants to sue B.W. Griffith and Lawrence Capps, members of the Knightdale Police Department, for issuing her a speeding ticket. *See* Compl. at 1, D.E. 1. She also asks to proceed without paying the standard filing fee for civil actions. *See* IFP Mot., D.E. 2. The court will not require Elabanjo to pay the filing fee because she lacks the resources to do so. But the undersigned recommends that the court dismiss Elabanjo's Complaint without prejudice.

**I.    Background**

    Elabanjo contends that Knightdale Officer D.W. Griffith, aided by Police Chief Lawrence Capps, charged her with speeding. Compl. at 1. She "entered a (sic) affidavit of fact unrebbutted (sic) and won." *Id.*[1] Elabanjo claims that the Defendant violated her rights by having her "appear in Wake County Court . . . to face a charge of speeding[.]" *Id.* She also claims that the Defendants "held no public office" to charge her with a crime or use North Carolina law as a reason to stop her vehicle. *Id.* Elabanjo contends that their actions violated several state laws, and references an oath to uphold the Constitution and ability to travel freely. *Id.* at 2. For relief, Elabanjo requests

---

[1] An Attachment suggests that the charge was resolved. Attach. to Compl, D.E. 1-6.

over 15 million dollars in damages and to be free to travel, with only the sheriff able to stop her. *Id.*

In an attachment to the Complaint, Elabanjo claims the vehicle stop was unconstitutional and seeks the dismissal of the speeding charge. Attach. to Compl, at 2, D.E. 1–5.[2] She again references a right to travel. *Id.* at 2.

## II. IFP Motion

Elabanjo asks the court to allow her to proceed with this action without paying the required filing fee and other costs associated with litigation (colloquially known as proceeding *in forma pauperis* or IFP). The court may grant her request if she submits an affidavit describing her assets and the court finds that she cannot pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

The court has reviewed Elabanjo's application and finds that she lacks the resources to pay the costs associated with this litigation. The court thus grants her motion (D.E. 2) and allows her to proceed IFP.

## III. Screening Under 28 U.S.C. § 1915

After determining that Elabanjo is entitled to IFP status, the court must analyze the viability of her claims. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous or malicious, fails to state a claim upon

---

[2] This document appears to be the "Affidavit of Fact" reference in the Complaint.

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

The court may dismiss a complaint as frivolous because of either legal or factual shortcomings. *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" *Adams* v. *Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton* v. *Hernandez*, 504 U.S. 25, 32–33 (1992).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Elabanjo's pro se status relaxes, but does not eliminate, the requirement that her complaint contain facially plausible claims. The court must liberally construe a pro se plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

The Complaint suggests that Elabanjo's status as a "Moorish American National," means that she enjoys a right to travel that cannot be restricted by the State or federal laws. But her theory that she is exempt from North Carolina law based on her claimed Moorish status is frivolous.

Courts have repeatedly rejected similar arguments by individuals who claim to be a part of this movement. *See Brown-Bey* v. *Hooks*, No. 3:18-CV-460, 2018 WL 4620617, at *2 (W.D.N.C.

3

Sept. 26, 2018) (rejecting claim that plaintiff, as a Moorish Nation member, was not subject to state or federal law); *El–Bey* v. *City of Raleigh Police Dep't*, No. 5:11-CV-275-BO (E.D.N.C. Aug. 18, 2011) (dismissing on frivolity review claims related to a traffic stop where plaintiff was cited for, among other things, displaying a fictitious registration and plate), *aff'd,* No. 11–2026 (4th Cir. Nov. 17, 2011); *El–Bey* v. *City of Greensboro*, No. 1:10-CV-572, 2011 WL 4499168, at *2 (M.D.N.C. Sept. 27, 2011) ("Despite his contention to the contrary, Plaintiff is not immune to the laws of the States and the United States" and must abide by motor vehicle laws like every other driver). Elabanjo is not exempt from North Carolina law. Because the Complaint is frivolous, the court should dismiss it without prejudice.

And Elabanjo misunderstands the nature of the freedom she references. She claims that by charging her with speeding, the Defendants violated her right to travel.

The right to travel generally addresses the freedom to travel freely from one state to another. It

> protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

*Saenz* v. *Roe*, 526 U.S. 489, 500 (1999). The right to travel does not confer one permission to disregard a State's vehicular laws. *See Bey* v. *Ohio*, No. 1:11-CV-1213, 2011 WL 5024188, at *4 (N.D. Ohio Oct. 19, 2011) (the right to travel "does not mean citizens are exempt from complying with traffic laws") (citing *Saenz*, 526 U.S. at 500). So Elabanjo's claim that the Defendants violated her right to travel lacks any arguable legal basis. *Neitzke*, 490 U.S. at 325. Thus, the court should dismiss it without prejudice.

## IV. Conclusion

For the reasons discussed above, the court grants Elabanjo's motion to proceed IFP (D.E. 2). The undersigned further recommends that the court dismiss Elabanjo's complaint (D.E. 1) without prejudice.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared here. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: April 1, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge