IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-155-FL

| | |
|---|---|
| SAMANTHA ELABANJO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>B.W. GRIFFITH and LAWRENCE CAPPS, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court for review of plaintiff's pro se complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 5). Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

1

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The magistrate judge recommends dismissal of plaintiff's complaint, based upon an alleged violation of the right to travel upon her citation for speeding for failure to state a claim upon which relief may be granted. The right to travel protects the right of a citizen to leave and enter the several states, but it does not exempt citizens from those states' traffic laws. See Saenz v. Roe, 526 U.S. 489, 500 (1999).

In her objection, plaintiff urges that she "recite[d] essential[] facts tying the defendants to the alleged conduct," (DE 6 at 3), however, that conduct, pulling plaintiff over for driving 20 miles per hour over the speed limit and requiring her to appear in court, is authorized by state statute. See N.G.C.S. §§ 20-141; 20-188. Kent v. Dulles, on which plaintiff relies, is unavailing where it does not address traffic laws. 357 U.S. 116 (1958). Plaintiff also objects that "local police departments in North Carolina . . . are not connected to the state of North Carolina and are classified as 'private entities,'" and therefore had no authority to make a traffic stop. (DE 6 at 3). However, plaintiff cites a press release from an organization represented as "Post Oak Public Relations" for this proposition, rather than any statutory or judicial source, and plaintiff's contention is without basis in law. (DE 1-4 at 1).

On careful de novo review of the M&R, the court finds magistrate judge's analysis to be thorough, and there is no error. Accordingly, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's action is DISMISSED pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief can be granted. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 5th day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge